UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

Chris Wingate,

                 Plaintiff,

    - against -

Robert N. Davoren Center,
New York City Department of
Corrections, City of New York,
and John Does 1-3,

                 Defendants.

----------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9-10-13
```

12 Civ. 5521 (ALC)

OPINION & ORDER

ANDREW L. CARTER, JR., District Judge:

I.    Introduction

    On July 13, 2012, pro se Plaintiff Chris Wingate, formerly

in the custody of the New York City Department of Corrections,

filed a Complaint pursuant to 42 U.S.C. § 1983, alleging

violations of his Fourteenth Amendment rights by Defendants

Robert N. Davoren Center ("RNDC"), New York City Department of

Corrections, City of New York, and John Does 1-3 (collectively

"Defendants").  Plaintiff challenges his conditions of

confinement while at the RNDC, claiming he was subjected to

excessive heat in his cell.  On November 16, 2012, Defendants

moved to dismiss the Complaint under Rule 12(b)(6) of the

Copies mailed by Chambers.

Federal Rules of Civil Procedure. Plaintiff submitted his opposition on July 26, 2013.

## II.   Background

From June 29, 2012 to July 5, 2012, Plaintiff alleges he was housed in 4 upper, Cell 16 of the RNDC at Rikers Island. (Compl. §§ II.A-C.)  According to Plaintiff, the window in Cell 16 did not open. (Id. § II.D.)  As a result of the inoperable window, Plaintiff alleges he was not "able to breath [sic] [or] sleep due to the sweltering heat[.]" (Id.)  Additionally, he had to "stand at the cell door to try to get the little air that the fan in the tier blew [his] way." (Id.)

Plaintiff also claims he repeatedly asked Defendants John Does 1-3 to fix the window or move him to one of the other cells, which Plaintiff claims were available. (Id.)  Plaintiff states Defendants denied his requests, though "they put in a work order [to fix the window]." (Id.)

As a result of the excessive heat in his cell, Plaintiff allegedly suffered from dehydration, lack of sleep, heat exhaustion, fainting spells, dizzy spells, and profuse sweating. (Id. § III.)

## III. Discussion

Defendants argue Plaintiff's Complaint should be dismissed on the following grounds: (1) Plaintiff failed to state a claim for deprivation of his Fourteenth Amendment rights; (2)

Plaintiff failed to make any allegations of municipal liability;
and (3) Plaintiff failed to allege personal involvement of the
John Doe Defendants in the purported constitutional deprivation.

## A. Standard of Review

Rule 12(b)(6) allows for dismissal if a party fails "to
state a claim upon which relief can be granted." Fed. R. Civ. P.
12(b)(6).  When deciding a motion to dismiss, the Court must
accept as true all well-pled facts alleged in the complaint and
must draw all reasonable inferences in a plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007).  Claims should be dismissed when a plaintiff has not pled
enough facts that "plausibly give rise to an entitlement for
relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  A claim
is facially plausible "when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Id. at 678.
If the non-moving party has "not nudged [its] claims across the
line from conceivable to plausible, [its] complaint must be
dismissed."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
(2007).

"[T]o state a civil rights claim under § 1983, a complaint
must contain specific allegations of fact which indicate a
deprivation of constitutional rights; allegations which are
nothing more than broad, simple, and conclusory statements are

3

insufficient to state a claim under § 1983." <u>Alfaro Motors, Inc.</u>

<u>v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987).  Submissions of <u>pro</u>

<u>se</u> plaintiffs, however, should be construed liberally by courts.

<u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474-75 (2d

Cir. 2006).  <u>Pro se</u> complaints will be read "'to raise the

strongest arguments that they suggest.'" <u>Fulton v. Goord</u>, 591

F.3d 37, 43 (2d Cir. 2009) (quoting <u>Green v. United States</u>, 260

F.3d 78, 83 (2d Cir. 2001)).

## B. Plaintiff's Alleged Constitutional Deprivation

The Due Process Clause of the Fourteenth Amendment requires

that a "person detained prior to conviction receives protection

against mistreatment at the hands of prison officials . . . ."[1]

<u>Caiozzo v. Koreman</u>, 581 F.3d 63, 69 (2d Cir. 2009).  To show an

Eighth or Fourteenth Amendment violation, two requirements must

be met: (1) "the deprivation alleged by the prisoner must be in

objective terms 'sufficiently serious' such that the deprivation

'den[ied] the minimal civilized measure of life's necessities'";

---

[1] Plaintiff does not state if he was a pre-trial detainee or a convicted prisoner in the Complaint.  Defendants have proffered that Plaintiff was a pre-trial detainee while at the RNDC. (Def.'s Mem. 4 n.1.)  "A convicted prisoner is entitled to the protections of the Eighth Amendment's proscription against 'cruel and unusual punishment,' while a pre-trial detainee held in state custody is protected by the Due Process Clause of the Fourteenth Amendment." <u>Stevens v. City of N.Y.</u>, No. 10 Civ. 5455 (PGG), 2011 WL 3251501, at *2 n.1 (S.D.N.Y. July 22, 2011) (citing <u>Caiozzo</u>, 581 F.3d at 69).  "Claims for deliberate indifference to a . . . serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment[.]" <u>Caiozzo</u>, 581 F.3d at 72.  Since the standard is the same, the Court treats Plaintiff's claim as an alleged violation of the Fourteenth Amendment.

and (2) "prison officials must have acted with deliberate
indifference in that they 'kn[ew] of and disregard[ed] an
excessive risk to inmate health or safety.'" Branham v. Meachum,
77 F.3d 626, 630-31 (2d Cir. 1996) (citations omitted).  The
first prong is objective, and the second prong is subjective.
Id. at 630.

To satisfy the objective prong, the alleged deprivation
must be "sufficiently serious" so as to "violate[] contemporary
standards of decency." Helling v. McKinney, 509 U.S. 25, 36
(1993).  In other words, "States must not deprive prisoners of
their 'basic human needs — e.g., food, clothing, shelter,
medical care, and reasonable safety.'  Nor may prison officials
expose prisoners to conditions that 'pose an unreasonable risk
of serious damage to [their] future health.'" Phelps v.
Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (internal citations
omitted).  "Because society does not expect or intend prison
conditions to be comfortable, only extreme deprivations are
sufficient to sustain a 'conditions-of-confinement' claim."
Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999).

With respect to the subjective prong, a plaintiff must show
the charged official acted with deliberate indifference to his
or her health or safety. Farmer v. Brennan, 511 U.S. 825, 834
(1994).  Deliberate indifference means at least subjective
recklessness as understood in the criminal context and more than

5

mere negligence. Stevens, 2011 WL 3251501, at *3 (citing Farmer,

511 U.S. at 835).   The Supreme Court has previously explained,

> [A] prison official cannot be found liable under the
> Eighth Amendment for denying an inmate humane
> conditions of confinement unless the official knows of
> and disregards an excessive risk to inmate health or
> safety; the official must both be aware of facts from
> which the inference could be drawn that a substantial
> risk of serious harm exists, and he must also draw the
> inference.

Farmer, 511 U.S. at 837.   Whether the prison official had the

requisite knowledge can be shown by inference through use of

circumstantial evidence. Phelps, 308 F.3d at 185.

Many courts, including the Second Circuit, have held

excessively hot or cold conditions may be a constitutional

violation. See e.g. Gaston v. Coughlin, 249 F.3d 156, 164 (2d

Cir. 2001) (finding exposure to freezing cold temperatures for a

five-month period during the winter can constitute an Eighth

Amendment violation); Corselli v. Coughlin, 842 F.2d 23, 27 (2d

Cir. 1988) (noting deliberate exposure to "bitter cold" and

subfreezing temperatures for three months may constitute cruel

and unusual punishment); Wright v. McMann, 387 F.2d 519 (2d Cir.

1967) (holding where prisoner was denuded and exposed to

subfreezing temperatures for eleven days in a strip cell that

was "fetid and reeking from the stench of the bodily wastes of

previous occupants which . . . covered the floor, the sink, and

the toilet[,]" such treatment may constitute cruel and unusual

6

punishment).; <u>Sleeper v. City of Richmond, Va.</u>, No. 3:12CV441-HEH, 2012 WL 3555412, at *5 (E.D. Va. Aug. 16, 2012) (finding excessive heat, which caused the death of the prisoner, could amount to an Eighth Amendment violation); <u>Clark v. Bandy</u>, No. 2:10-CV-00169-RWS, 2011 WL 1346975, at *3 (N.D. Ga. Apr. 8, 2011) (holding prisoner could state an Eighth Amendment claim where he complained to prison officials of excessive heat and trouble breathing for three months).

Conversely, district courts in this Circuit have also found allegations of exposure to extreme temperatures for short periods of time are insufficient to state an Eighth or Fourteenth Amendment claim. <u>See</u> <u>e.g.</u> <u>Stevens</u>, 2011 WL 3251501, at *3 (holding pre-trial detainee housed in a cell with a broken window covered by a garbage bag during cold and rainy weather for as many as four days did not allege a Fourteenth Amendment violation); <u>Borges v. McGinnis</u>, No. 03-CV-6375 CJS, 2007 WL 1232227, at *6 (W.D.N.Y. Apr. 26, 2007) (finding inmate, wearing a paper gown and slippers, with no blanket, residing in a cell that was approximately 50 degrees for three days did not suffer a constitutional deprivation); <u>Grant v. Riley</u>, No. 89 Civ. 0359 (MBM), 1993 WL 485600, at *4 (S.D.N.Y. Nov. 24, 1993) (noting placement of inmate in a cell with a broken window incompletely covered by loose plastic and a cold wind blowing through for

three days and denying him a coat, bedding, or blankets was not
an Eighth Amendment violation).

Here, Plaintiff alleges he was exposed to "90 plus degree
[temperatures] everyday" for seven days. (Compl. §§ II.C, V.)
While it is unclear whether "90 plus degrees" is indicative of
the temperature outdoors or the temperature inside the cell, the
heat allegedly caused Plaintiff to endure fainting spells, dizzy
spells, and trouble breathing. (Id. § III.)  The heat compounded
with the lack of ventilation due to the malfunctioning window
supports a reasonable inference that Plaintiff's health could
have been seriously endangered by the climate in his cell.
Plaintiff's alleged injuries further support such an inference.
As Plaintiff points out in his opposition, being trapped in a
car with closed windows, for example, during extreme heat can
pose a grave risk to the occupant's health after as little as a
few hours. (Pl.'s Opp. 1.)  There is no reason to doubt the same
would be true for a prisoner confined to a cell.

Construing the Complaint liberally, the Court reasonably
infers from Plaintiff's allegations that the conditions of his
confinement objectively posed a sufficiently serious health
risk.  In making this finding, the Court notes, at the instant
posture, a liberal construction of the Complaint suggests
Plaintiff's allegations warrant further development of the
factual record. See Nelson v. Plumley, No. 9:12-CV-0422

(TJM/DEP), 2013 WL 1121362, at *10 (N.D.N.Y. Jan. 24, 2013) ("[A significant number of cases] that dismiss the plaintiff's Eighth Amendment claim do so on a motion for summary judgment, at a point when the record is more fully developed.  While the defendants in this action may have a rational explanation for the conditions plaintiff allegedly endured, or may deny those allegations, or the court may later determine, on a motion for summary judgment, that the . . . exposure alleged is not sufficient to sustain an Eighth Amendment claim, at this procedural juncture, . . . dismissal [is not appropriate.]").

To satisfy the subjective prong, Plaintiff claims he "constantly asked" Defendants John Does 1-3 to fix the window or move him to another cell. (Compl. § II.D.)  Further, "they [Defendants John Does 1-3] knew the window was inoperable." (Id.)  Having alleged Defendants knew of the problems with the window and the repeated complaints about the temperature of the cell, Defendants' deliberate indifference to the serious risk of confining someone under those conditions may be reasonably inferred from the circumstances. See Farmer, 511 U.S. at 842 ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.")

Recognizing Plaintiff is entitled to all reasonable inferences and the facts he provides are deemed true on a motion to dismiss, in addition to the liberal construction of his pro

se Complaint, the allegations sufficiently state a § 1983 claim for an unconstitutional deprivation of Plaintiff's Fourteenth Amendment rights.  The Court is particularly mindful that "dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir. 2008).

## C. Municipal Liability

As set forth in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978), a municipality may be liable under § 1983 if the deprivation of a constitutional right is caused by a governmental custom, policy, or usage of the municipality. See also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (finding municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law").  "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

According to Defendants, Plaintiff's claim for municipal liability should be dismissed because the Complaint does not identify particular City policies or practices resulting in

Plaintiff's alleged injuries.   The Court agrees.   Plaintiff makes no allegations whatsoever regarding City policies related to his conditions of confinement.   Nor does he make allegations that any other prisoner endured similar conditions in his or her cell.   Defendant's Motion to Dismiss is GRANTED with respect to Defendant City of New York.

**D. Personal Involvement of Defendants John Does 1-3**

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).   "A defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 . . . [if t]he defendant . . . directly participated in the infraction." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

Plaintiff alleges John Does 1-3 were personally aware of the inoperable window and the temperature of his cell. Plaintiff also alleges Defendants refused to make accommodations for him, including moving him to another cell, until the window was repaired.   These allegations demonstrate a direct and tangible connection to the purported violation of Plaintiff's Fourteenth Amendment rights.   As such, Plaintiff has satisfied the personal involvement element of a § 1983 claim.

IV.   Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED in-part** and **DENIED in-part**.   Defendant City of New York is **DISMISSED** from this case.   Plaintiff's § 1983 claim against Defendants John Does 1-3 for allegedly violating his Fourteenth Amendment rights survives Defendants' Motion.

The Court notes, while not relied upon in deciding this Motion, Plaintiff offered additional facts in his opposition that were not included in the Complaint.   For instance, Plaintiff argued the temperature was "well into the high 90's even 100[,]" "there was a work order for the inoperable window before [he] reached Rikers Island[,]" and he suffered "nose bleeds[.]" (Pl.'s Opp. 1.)   The Court will hold a telephone status conference with the parties on October 3, 2013 at 11 : 30 a.m. to address amending the Complaint to include these facts and ascertaining the identities of the John Doe Defendants.

SO ORDERED.

Dated:      New York, New York
            September 10, 2013

                                        Andrew L. Carter, Jr.
                                        United States District Judge